UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHEILA VALARDI,
KELLY REED, and
SUSAN RUNNING-FINGER,

Plaintiffs,

v.

YELLOW PAGE PUBLISHERS, INC.,

Defendant.

CIVIL NO. 00-1370 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on September 5, 2000 upon Defendant's Motion to Dismiss. [Docket No. 8]. John A. Fabian, Esq. appeared on behalf of Plaintiffs; Phillip J. Trobaugh, Esq. appeared on behalf of Defendant. The matter was referred to the undersigned by District Judge David S. Doty for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant's Motion to Dismiss [Docket No. 8] be granted.

**FINDINGS OF FACT/REPORT**

## I. STANDARD OF REVIEW

Defendant moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b). The Court of Appeals for the Eighth Circuit has provided this standard for the consideration of a Motion to Dismiss pursuant to Rule 12(b)(6):

> [A] motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784, 787 (8th Cir.), cert. denied, 444 U.S. 899, 100 S. Ct. 208, 62 L.Ed.2d 135 (1979). We must take the well-pleaded allegations of the complaint as

FILED SEP 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader. United States v. Mississippi, 380 U.S. 128, 143, 85 S. Ct. 808, 816, 13 L.Ed.2d 717 (1965); see also Bennett v. Berg, 685 F.2d 1053, 1058-59 (8th Cir. 1983); Bramlet v. Wilson, 495 F.2d 714, 717 (8th Cir. 1974).

Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, courts accept a plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences. Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

**II. THE MERITS**

Plaintiffs assert claims against Defendant under Title VII of the Civil Rights Act of 1964. As required by that law, on April 17, 2000, each Plaintiff in this case filed charges of discrimination and harassment against Defendant with the Equal Employment Opportunity Commission ("EEOC"). On April 20, 2000, the EEOC issued a "Notice of Right to Sue (Issued on Request)" to each Plaintiff. (Hereinafter, that statutory notice of right to sue is sometimes referred to simply as a "Notice.") Plaintiffs filed the Complaint in this action on June 2, 2000, asserting claims under Title VII and various state law claims.

Defendant moves to dismiss, on the ground that a person may not commence an action under Title VII until a Notice of Right to Sue has been lawfully issued, and that Title VII does not authorize the issuance of a Notice until 180 days have elapsed after the filing of a charge.[1]

---

[1] Title VII provides, in relevant part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section,

Plaintiffs argue that their Notices of Right to Sue were authorized by 29 C.F.R. §1601.28(a)(2), a regulation promulgated by the EEOC under the Civil Rights Act, which provides:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, . . . the Commission may issue such notice . . . at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that the [appropriate EEOC official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

Plaintiffs contend that they were not required to wait 180 days before filing suit, because they received their Notices from the EEOC pursuant to 29 C.F.R. §1601.28(a)(2) prior to the expiration of 180 days.

The issue before the Court has not been resolved by the Court of Appeals for the Eighth Circuit. In the words of one commentator: "A lethal combination of ambiguous language in Title VII of the Civil Rights Act of 1964 and a federal regulation promulgated by the EEOC, which permits complainants to request and receive a Notice prior to the statutorily provided 180 day investigation period, has placed many courts in a quandary." Nathan C. Sprague, *Is the Honeymoon Over? The Fate of the EEOC and the*

---

> whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

42 U.S.C. §2000e-5(f)(1).

*Early Right-to-Sue Letter*, 39 Washburn L.J. 572 (2000)(footnotes omitted).

The United States Supreme Court has addressed this issue only in dicta, and in a case considered prior to the promulgation of 29 C.F.R. §1601.28(a)(2). Occidental Life Insur. Co. v. EEOC, 432 U.S. 353 (1977). Therefore, the opinion is not controlling. However, the Court's statement that "a natural reading of §706(f)(1) can lead only to the conclusion that it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so," could be read to support the conclusion that the 180-day wait is a mandatory requirement imposed by the statute. Occidental Life, 432 U.S. at 361.

The Courts of Appeals for the Ninth and Eleventh Circuits have concluded that a Notice of Right to Sue may be issued before the expiration of 180 days. The Court of Appeals for the D.C. Circuit has reached the opposite conclusion. Decisions of District Courts, including those in this District, also do not agree as to the appropriate result. We begin with a brief summary of the decisions of the Courts of Appeals and in this District.

## III. CONFLICT AMONG THE CIRCUITS/DISTRICTS

### A. One Hundred and Eighty Day Wait Not Required

#### 1. The Ninth Circuit

The Ninth Circuit has noted that, while the Civil Rights Act requires the EEOC to issue a Notice if action is not taken on a charge within 180 days, "[n]owhere does the statute prohibit the EEOC from issuing such notice before the expiration of the 180-day period." Saulsbury v. Wismer and Becker, Inc., 644 F.2d 1251, 1257 (9th Cir. 1981). Accord Brown v. Puget Sound Electrical Apprenticeship & Training Trust, 732 F.2d 726 (9th Cir. 1984), cert. denied, 469 U.S. 1108 (1985); Bryant v. California Brewers Ass'n, 585 F.2d 421 (9th Cir. 1978), vacated on other grounds, 444 U.S. 598 (1980). The Court

based these decisions on the fact that the EEOC had a huge backlog of cases, so requiring a 180-day wait would be impractical.

### 2. The Eleventh Circuit

In Sims v. Trus Joist MacMillan, 22 F.3d 1059 (11th Cir. 1994), the court considered an appeal from the district court's dismissal for lack of subject matter jurisdiction. The court noted that the EEOC's interpretation of the statute "need only be reasonable to be entitled to deference." Id. at 1060-61 (quoting EEOC v. Commercial Office Prods. Co., 486 U.S. 107 (1988)). The court also emphasized that the timely filing of an EEOC charge is a condition precedent to suit, rather than a jurisdictional requirement. Id. at 1061 (citing Fouche v. Jekyll Island-State Park Authority, 713 F.2d 1518, 1524 (11th Cir. 1983)). Therefore, the district court's holding that it did not have jurisdiction to hear the case because it was filed prior to the running of the 180 days was erroneous. Sims, 22 F.3d at 1061.

The court went on to find that the regulation is reasonably related to the purposes of Title VII. The remedial purposes of Title VII are supported by eliminating delay for private citizens seeking redress wherever possible. Id. at 1062-63. Congress intended charges to be handled expeditiously, and the court determined that early issuance of Notices supports that goal. Id. at 1063.

## B. One Hundred and Eighty Day Wait Required

In Martini v. Federal Nat'l Mortgage Ass'n., 178 F.3d 1336 (D.C. Cir. 1999), cert. dismissed, 120 S. Ct. 1155 (2000), the court first looked to the language of the Civil Rights Act, to determine whether Congress had spoken directly on the issue.[2] Id. at 1342.

---

[2] The court noted that, while the Ninth and Eleventh Circuits had upheld the regulation when faced with this question, the federal district courts were more or less equally split on the issue.

See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."). The court noted that, in determining Congress's intent, no deference is owed to the agency's interpretation of the statute. Martini, 178 F.3d at 1342 (citing Chevron, 467 U.S. at 843 n. 9).

The D.C. Circuit, examining the language of Title VII as a whole to aid in its reading of §2000e-5(f)(1), turned to §2000e-5(b). Martini, 178 F.3d at 1345 (citing K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291(1988)). "Section 2000e-5(b) prescribes the EEOC's duties once a charge is filed. . . . It says that the Commission 'shall' investigate the charge and 'shall' make a reasonable cause determination 'as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge.'" Martini, 178 F.3d at 1346 (citing 42 U.S.C. §2000e-5(b)).[3] The court noted that the Commission's statutorily-imposed duty to investigate "is both mandatory and unqualified." Id. Therefore, the issuance of an early Notice, effectively abdicating investigatory responsibility to the complainant, conflicts with Congress's "express direction to the Commission that it investigate all charges." Id.

In sum, the D.C. Circuit concluded "that the EEOC's power to authorize private suits within 180 days undermines its express statutory duty to investigate every

---

3 The court also cited to comments by two sponsors of Title VII to support its conclusion about the 180-day time limit. "Senator Javits said that it required complainants 'necessarily [to] sit [ ] around awaiting 6 months.' 118 Cong. Rec. 1069 (1972)(Senate debate). Senator Dominick called it a '180-day private filing restriction.' Id." Martini, 178 F.3d at 1347.

charge filed, as well as Congress's unambiguous policy of encouraging informal resolution of charges up to the 180th day." Martini, 178 F.3d at 1347.

### C. District of Minnesota

A decision in this District recently addressed the effect of an early Notice. Knazze v. Hennepin County., Civ. No. 99-1230 (D. Minn. Nov. 17, 1999)(Kyle, J.). In Knazze, the EEOC issued a Notice to the plaintiff 16 days after receiving her charges. Id. at 4. The Court followed the reasoning of the Eleventh Circuit, finding that allowing the EEOC to issue early Notices prevents claimants from being caught in a bureaucratic backlog. Id. at 6. The Court held that dismissing the plaintiff's case and forcing her to await the "inevitable" issuance of another Notice would serve no legitimate purpose, and that dismissal of her case was not mandated. Id.

A similar issue was addressed in Hiduchenko v. Minneapolis Med. and Diagnostic Ctr., Ltd., 467 F. Supp. 103 (D. Minn. 1979)(Alsop, J.), where the Court held that "[f]ailure of the plaintiff to defer to the EEOC for 180 days after filing her charge with the Commission is a jurisdictional defect requiring dismissal of her action brought in this court." Id. at 107. However, the Supreme Court has since held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Although Hiduchenko was decided before Zipes, the Court's observation that "[t]he 180-day requirement was mandated by Congress in an attempt to promote the resolution of disputes by informal conciliation rather than by litigation and to expedite the handling of complaints" is applicable here. Hiduchenko, 467 F. Supp. at 107.

## IV. THE INSTANT CASE

### A. Title VII Claims

The District Court in this case is called upon to make a decision prior to the time that it has received guidance from the Court of Appeals for the Eighth Circuit as to the applicable law, under circumstances where there are no binding precedents. The issue has been comprehensively addressed in the opinions from other Circuits, and by the District Court opinions cited therein, and we doubt that it would be of assistance to the District Court to further examine those opinions. We recommend that the District Court grant the Motion to Dismiss. We are persuaded that the rationale expressed by the D.C. Circuit in Martini is superior to the other decisions.

There are additional reasons to support the view that the Court of Appeals for the Eighth Circuit will adopt the view of the D.C. Circuit. We cannot reconcile the widely-accepted precedent that a plaintiff must exhaust administrative remedies by filing a timely charge of discrimination, with the view that the EEOC may issue a Notice immediately upon receiving the charge. We conclude that exhaustion of administrative remedies requires not only the filing of a timely charge of discrimination under Title VII, but the passage of 180 days before the EEOC may notify plaintiffs of their right to sue.

All federal courts are in agreement that a party may not bring a Title VII case without exhausting administrative remedies with the EEOC. See, e.g., Patterson v. McLean Credit Union, 491 U.S. 164, 180-81 (1989)("In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of charges of racial discrimination in the workplace and to work towards the resolution of these charges through conciliation rather than litigation. See 42 U.S.C. §2000e-5(b). Only after these procedures have been exhausted, and the

plaintiff has obtained a 'right to sue' letter from the EEOC, may he or she bring a Title VII action in court. See 42 U.S.C. §2000e-5(f)(1)."); Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994); Shannon v. Ford Motor Co., 72 F.3d 678 (8th Cir. 1996).

The requirement of exhaustion of administrative remedies has been articulated by the Eighth Circuit as follows: "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. §2000e-5(b),(c),(e)." Williams, 21 F.3d at 222. Failure of a plaintiff to exhaust administrative procedures will result in dismissal of the lawsuit, or that portion of the charge which was not described in the EEOC Charge. Strict time limits are also imposed, and the failure of a plaintiff to meet those time deadlines also will result in dismissal of the charge.

The exhaustion requirement has been enforced by the Court of Appeals for the Eighth Circuit in the cases cited, and by numerous decisions in this District. See, e.g. Moss v. Advance Circuits, Inc., 981 F. Supp. 1239 (D. Minn. 1997)(Doty, J.); Woodson v. International Brotherhood of Electric Workers Local 292, 974 F. Supp. 1256 (D. Minn. 1997) (Doty, J.). We think it is extraordinarily difficult to conclude that the exhaustion of administrative remedies required by the decisions in this Circuit consists of nothing more than the timely filing of a piece of paper with the EEOC and the receipt by the plaintiff of a different piece of paper from the EEOC, and that once this has been accomplished, the purposes of the exhaustion requirement have been met.

Allowing early notice is inconsistent with the reasoning behind the exhaustion doctrine. "In Title VII, Congress set up an elaborate administrative procedure,

implemented through the EEOC, that is designed to assist in the investigation of charges of racial discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." Patterson 491 U.S. at 180-81. "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams, 21 F.3d at 222.

In Brown, 732 F.2d 726 (9th Cir. 1984), the Ninth Circuit dismissed a portion of the plaintiff's Complaint, upon the ground that the plaintiff had failed to make that charge part of the charge filed with the EEOC. The court held: "Bypassing the administrative process under such circumstances frustrates the policy of encouraging informal conciliation and fostering voluntary compliance with Title VII." Id. at 730. In the same opinion, the court upheld the right of the EEOC to issue a Notice and to make no efforts at conciliation. Id. at 729. These conclusions seem inconsistent, and we are not sure that they would be adopted by the Court of Appeals for the Eighth Circuit. If the EEOC may justify its early issuance of a Notice on the ground that it lacks the resources to investigate all charges, then it would seem to follow that a plaintiff should be relieved of the obligation to file a charge with the EEOC in the first place, where a plaintiff can show that the EEOC will not pursue her charge.

We are not unmindful of the desire to avoid unnecessary delay. Requiring the passage of 180 days prior to issuance of a Notice may appear on the surface to be a waste of time, if the EEOC is not going to take any action on the charge. In fact, however, the goals of prompt resolution of discrimination charges and conservation of judicial resources are best served by dismissing a Complaint which is based upon a Notice issued

fewer than 180 days after the filing of the charge with the EEOC. Until a case has been presented to the Eighth Circuit which resolves the issue, delay will ensue in any event, in the form of a Motion to Dismiss on the grounds now advanced. In this case, for example, the Motion to Dismiss was submitted for consideration on September 5, 2000, and the 180 days for the timely issuance of a Right to Sue notice will expire on October 16, 2000. Faced with a potentially fatal defect in a Complaint, which can be cured by unilateral action of a party, Courts and parties would be well advised to take a cautious approach, to avoid the risk of reversal following trial, as happened in Martini. This not only avoids delay, but minimizes the risk of a waste of resources and potential prejudice.

Finally, enforcing the Congressional requirement of a 180-day opportunity for investigation of a charge prior to the issuance of a notice of right to sue is not without a purpose, even if the EEOC does not act on the charge. We are persuaded by this reasoning in Martini:

> Without authority to allow early suits, the EEOC would face more internal pressure, along with external pressure from complainants, to improve its investigatory capacities . . . so that it could resolve as many charges as possible within 180 days. If such efforts proved inadequate to achieve statutory compliance, then the Commission would be forced to ask Congress to appropriate additional funds. Whether authorizing early private suits is preferable to enlarging the Commission's budget is a question for Congress, not the EEOC or this court. We conclude only that greater compliance with the mandatory duties that Congress expressly prescribed for the EEOC in section 2000e-5(b) will occur when all complainants must wait 180 days before filing suit than when the Commission may authorize them to sue earlier.

Martini, 178 F.3d at 1347.

### B. State Law Claims

Counts III through VI of the Complaint allege state law claims. These claims do not present questions of federal law, nor does diversity of citizenship exist between the

parties. Plaintiffs are all individuals who reside in Minnesota. Defendant is a corporation with its principal place of business in Minnesota. Therefore, complete diversity is not present. See 28 U.S.C. §1332. The Court has no independent jurisdiction over the state law claims. The Court had supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a). Having dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c).

The Eighth Circuit has stressed "the need to exercise judicial restraint and avoid state law issues wherever possible." Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990). The Eighth Circuit has also recognized "within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions." Id. We believe that it is appropriate in this case to decline to exercise supplemental jurisdiction and to dismiss Plaintiffs' pendant state claims. This dismissal must be without prejudice. See Franklin v. Zain, 152 F.3d 783 (8th Cir. 1998).

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss [Docket No. 8] be granted, and that the Complaint be dismissed without prejudice.

Dated: September 26, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **October 11, 2000** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **October 11, 2000**.