UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1370(DSD/JMM)

Sheila Valardi,
Kelly Reed, and
Susan Running-Finger,

Plaintiffs,

v. **ORDER**

Yellow Page Publishers Inc.,

Defendant.

John A. Fabian and Nichols, Kaster & Anderson, 4644 IDS Center, 80 South 8th Street, Minneapolis, Minnesota 55402-0000.

Marshall Howard Tanick and Mansfield, Tanick & Cohen, 1560 International Center, 900 2nd Avenue South, Minneapolis, Minnesota 55402-3383.

This matter is before the court on plaintiffs' objections to Magistrate Judge John M. Mason's report and recommendation dated September 26, 2000. In his report, the magistrate judge recommended that the defendants' motions to dismiss [Doc. No. 8] be granted. The recommended dismissal is based upon the ground that plaintiffs may not commence an action under Title VII until a notice of right-to-sue has been lawfully issued, and Title VII does not authorize the issuance of such right-to-sue notice until 180 days have elapsed after the filing of a charge.

The court has reviewed the file and record and concludes that dismissal without prejudice is not warranted. The court in this

FILED NOV 03 2000
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

case is called upon to make this decision in the absence of direct guidance from the Eighth Circuit as to the applicable law under circumstances where there is no binding precedent. While this issue has been comprehensively addressed in opinions from other circuits, and by the district court opinions cited therein, these opinions reflect a divergent treatment of this issue. See Martini v. Federal Nat'l Mortgage Ass'n, 178 F.3d 1336, 1346 (D.C. Cir. 1999) (holding that early right-to-sue letter was invalid because Title VII requires 180-day waiting period before suing in district court); Sims v. Trus Joist MacMillian, 22 F.3d 1059, 1062 (11th Cir. 1994) (holding that district court may hear suit brought by plaintiff upon early issuance of right-to-sue letter when EEOC determined it could not process charge within 180 days); Brown v. Puget Sound Elec. Apprenticeship and Training Trust, 732 F.2d 726, 729 (9th Cir. 1984) (issuance of right-to-sue letter prior to expiration of 180-day period does not preclude filing of suit in district court); and Weise v. Syracuse University, 522 F.2d 397, 412 (2nd Cir. 1975) (same).

Title VII provides that the EEOC has 180 days in which to investigate a charge of discrimination. See 42 U.S.C. § 2000e-5(f)(1). If the EEOC has not dismissed the charge, filed a civil lawsuit, or entered into a conciliation agreement within the 180-day period, the EEOC must inform the charging party that they may bring a civil action on their own behalf. See The regulations

implementing Title VII allow the EEOC to issue a right-to-sue letter prior to the expiration of the 180-day period "provided that [an EEOC official] has determined that it is probable that the [EEOC] will be unable to complete its administrative processing of the charge within 180 days." 29 C.F.R. § 1601.28(a)(2).

Defendant argues that early issuance of a right-to-sue letter contravenes the congressional intent behind the 180-day waiting period in 42 U.S.C. § 2000e-5(f)(1). The District of Columbia Circuit court of appeals concurs with this position. See Martini, 178 F.3d at 1346. Other circuit courts of appeal, however, disagree with this contention. See Sims, 22 F.3d at 1062; Brown, 732 F.2d at 729; and Weise, 522 F.2d at 412.

In Martini the court evaluated the 180-day waiting period in light of the statutory mandate of § 2000e-5(b) that the EEOC "shall" investigate every charge. Martini, 178 F.3d at 1346. According to the Martini court, allowing right-to-sue letters prior to the expiration of the 180-day period creates, in effect, an early termination process. See Id. The Martini court held that such an early termination process does not comport with the EEOC's mandatory duty to investigate charges. See Id., at 1346.

The Eleventh Circuit, however, took a different view and determined that a regulation promulgated by the EEOC must be upheld "so long as it is reasonably related to the purposes of Title VII." Sims, 22 F.3d at 1062 (quoting Mourning v. Family Publications

Serv. Inc., 411 U.S. 356, 369 (1973)). The Sims court further determined that the regulation codified at 29 C.F.R. § 1601.28(a)(2) is a procedural regulation that is consistent with congressional intent of Title VII. Sims, 22 F.3d at 1062. The Sims court concluded that the purpose of the 180-day waiting requirement is to protect the charging party from bureaucratic backlog. See Id., at 1061. Thus, the Sims court held that once the EEOC determines that it cannot investigate the party's charge within the 180 days, it is "pointless" for the party to be forced to "mark time" until the 180 days have elapsed. Id.

This court is more persuaded by the reasoning of the Eleventh Circuit than the D.C. Circuit. In enacting Title VII, Congress intended to give a federal cause of action to victims of discrimination if the EEOC was unable to administratively process the alleged victim's charge. See 42 U.S.C. § 2000e-5(f)(1). In this case, the EEOC issued right-to-sue letters to plaintiffs stating that it was unable to process plaintiffs' charges within the statutory 180-day period. (See Notice of Right-to-Sue Letters attached as Exhibits 4-6 to Aff. of Phillip J. Trobaugh.) As a matter of practicality, regardless of how this present issue is resolved, plaintiffs will eventually be issued right-to-sue letters, whether it be now or after the expiration of 177 days. To dismiss without prejudice and have plaintiffs re-file this lawsuit at a future date seems contrary to the purposes of Title VII and

common sense. As Judge Kyle succinctly pointed out in a recent order in this district that comports with this court's determination here, "[t]o dismiss [plaintiff's] case now and force [plaintiff] to await the inevitable issuance of another right-to-sue letter in 164 days serves no legitimate purpose. [citations omitted]". Knazze v. Hennepin County, Civ. No. 99-1230 (RHK/JMM) (Nov. 17, 1999) (Kyle, J). This court agrees with that conclusion. Thus, the fact that plaintiffs received right-to-sue letters prior to the expiration of the 180-day period does not mandate a dismissal without prejudice of this lawsuit.

Defendant also asserts that allowing the issuance of a right-to-sue letter outside the statutory time frame is contrary to the exhaustion of remedies doctrine. While at first blush this argument appears to have some merit, especially under the particular facts of this case, the exhaustion of remedies doctrine in the Eighth Circuit only requires that an individual: (1) has timely filed a sufficient charge of discrimination with the EEOC; and (2) has received notice of a right-to-sue. See Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994). There is no binding precedent requiring that plaintiffs' case must be dismissed on the failure to exhaust remedies where plaintiffs have filed timely charges of discrimination and have been issued early right-to-sue notices pursuant to 29 C.F.R. § 1601.28(a)(2). The court therefore cannot concur with the

defendant's contention that allowing early right-to-sue notices, as here, is incompatible with the exhaustion of remedies doctrine and thereby warrants dismissal.

After conducting a de novo review of the file and record, the court concludes that plaintiffs' claims against defendant should not be dismissed without prejudice as provided for in the Report and Recommendation of Magistrate Judge Mason.

Accordingly, **IT IS HEREBY ORDERED** that the motion of defendant to dismiss [Doc. No. 8] is denied.

Dated: November 3, 2000.

David S. Doty, Judge
United States District Court